PER CURIAM.
The Florida Bar petitions this Court to approve proposed amendments to the Florida Certification Plan, article XIX of the Florida Bar Integration Rule. We have jurisdiction. Art. V, § 15, Fla. Const. The proposals include amendments to the requirements for certification committee membership and the inclusion of “estate planning and probate” as a designated specialty under the certification plan.
The proposed amendments to the certification plan, regarding certification committee membership, and the new standards for certification of estate planning and probate are approved and shall become effective on July 1, 1985, at 12:01 a.m.
It is so ordered.
OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., concurs in part and dissents in part with an opinion, in which ADKINS, J., concurs.
Article XIX
FLORIDA CERTIFICATION PLAN
Section 2. CERTIFICATION COMMITTEES. For each certification area ap *744 proved by the Supreme Court of Florida, a seven-member committee, bearing the name of the area, shall be appointed by the president of The Florida Bar, with the advice and consent of the Board of Governors. Members of each-committee Initial committee appointees shall be eminent attorneys in each field, shall be members in good standing of The Florida Bar, shall have been admitted to The Florida Bar no less than 10 years and must meet such other requirements as may in the future be promulgated by the Board. Initial committee appointees shall be granted certificates by reason of such appointment. The committee members shall hold office for three years and until their successors are appointed. The committee members shall be appointed to staggered terms of office, and the initial appointees shall serve as follows: two members shall serve until June 30 next following their appointment; two members shall serve until the second June 30 following their appointment; and three members shall serve until the third June 30 following their appointment. Initial — committee appointees -sha-ll-be-eminent attorneys in such field and shall be granted- certificates by reason- of— such-appointments Subsequent appointees must be certified in the area at the time of appointments , must be members in good standing of The Florida Bar and must meet such other requirements as may in the future be promulgated by the Board.
[NEW] STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED ESTATE PLANNING AND PROBATE LAWYER
Lawyers who are members in good standing of The Florida Bar and who meet the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a Board Certified Estate Planning and Probate Lawyer. The purpose of the standards is to identify those lawyers who practice in the area of estate planning and probate and have the special knowledge, skills, and proficiency to be properly identified to the public as certified estate planning and probate lawyers.
Section 1. DEFINITIONS.
(a) “Estate planning and probate” is the practice of law dealing with all aspects of the analysis and planning for the conservation and disposition of estates, giving due consideration to the applicable tax consequences, both federal and state; the preparation of legal instruments to effectuate estate plans; administering estates, including tax related matters, both federal and state; and probate litigation.
(b) The “practice of law” for this area is defined as set out at Section 5(c)(1) of Article XIX of the Integration Rule Bylaws governing the Florida Certification Plan. Notwithstanding anything in the definition to the contrary, legal work done primarily for any purpose other than legal advice or representation (including, but not limited to, work related to the sale of insurance or retirement plans or work in connection with the practice of a profession other than the law) shall not be treated as the practice of law. Service as a judge of any court of record shall be deemed to constitute the practice of law. Practice of law which otherwise satisfies these requirements but which is on a part-time basis will satisfy the requirement if the balance of the applicant’s activity is spent as a teacher of estate planning or probate subjects in an accredited law school.
Section 2. MINIMUM STANDARDS.
(a) Minimum Period of Practice. Every applicant shall have been engaged in the practice of law in the United States, or engaged in the practice of United States law while in a foreign country, and shall have been a member in good standing of the Bar of any state of the United States or the District of Columbia for a period of five years as of the date of application.
Notwithstanding the definition of “practice of law” in Section 1(b), receipt of an LL.M. degree in Taxation or Estate Planning and Probate (or such other related fields approved by the Board and Estate Planning and Probate Certification Committee) from an approved law school shall be deemed to constitute one year of the *745 practice of law for purposes of the five-year practice requirement (but not the five-year bar membership requirement) under this section. Provided, however, an applicant may not receive credit for more than one year of practice for any twelve month period under this section; accordingly, for example, an applicant who, while being engaged in the practice of law, receives an LL.M. degree by attending night classes, would not receive credit for the practice of law requirement by virtue of his having received the LL.M. degree.
(b)Substantial Involvement. Every applicant must demonstrate substantial involvement in the practice of law in Estate Planning, Probate or Probate related activities during the five years immediately preceding the date of application, including devoting more than fifty percent of his practice to estate planning and probate matters during each of the two years immediately preceding • application. Service as a judge in the probate division of the circuit court of this state during six months or more of a calendar year shall satisfy a year of substantial involvement. Except for the two years immediately preceding application, upon an applicant’s request and the recommendation of the Estate Planning and Probate Certification Committee, the Board may waive the requirement that the five years be “immediately preceding” the date of application if the Board determines the waiver is warranted by special and compelling circumstances. Except for the two years immediately preceding application, receipt of an LL.M. degree in estate planning and probate (or such other degree containing substantial estate planning and probate content as approved by the Board) from an approved law school may substitute for one year of substantial involvement. An applicant must furnish information concerning the frequency of his work and the nature of the issues involved. For the purposes of this section the “practice of law” shall be as defined in Section 1(b) except that it shall also include time devoted to lecturing and/or authoring books or articles on estate planning and probate if the applicant was engaged in the practice of law during such period. Demonstration of compliance with this requirement shall be made initially through a form of questionnaire approved by the Estate Planning and Probate Certification Committee but written or oral supplementation may be required.
(c) References for Knowledge and Experience. Every applicant shall submit the names and addresses of five other attorneys who are familiar with his practice, not including attorneys who currently practice in the applicant’s law firm, who can attest to the applicant’s reputation for involvement in the field of estate planning and probate law. The Board and the Estate Planning and Probate Certification Committee may authorize references from persons other than attorneys in such cases as they deem appropriate. The Board and the Estate Planning and Probate Certification Committee may also make such additional inquiries as they deem appropriate.
(d) Education. Every applicant must demonstrate that during the three-year period immediately preceding the date of his application, he has met the continuing legal education requirements in estate planning and probate as follows. During the first three years after the plan’s implementation, the required number of hours of continuing legal education shall be 60 hours which shall have been attained during the three-year period preceding the date of application. Thereafter, the required number of hours shall be established by the Board but shall in no event be less than 90 hours. Credit for attendance at continuing legal education seminars shall only be given for programs which are directly related to estate planning and probate. However, during the first two years of the plan any courses approved for full or partial credit in estate planning and probate under The Florida Bar Designation Plan shall be given equal credit for the purposes of the education requirement under this section. The education requirement may be satisfied by one or more of the following:'
*746 (1) Attendance at continuing legal education seminars meeting the requirements set forth above;
(2) Lecturing at, and/or serving on the steering committee of, such continuing legal education seminars;
(3) Authoring articles or books published in professional periodicals or other professional publications;
(4) Teaching courses in “estate planning and probate” at an approved law school or other graduate level program presented by a recognized professional education association;
(5) Completing such home study programs as may be approved by the Board and the Estate Planning and Probate Certification Committee, subject to the limitation that no more than fifty percent (50%) of the required number of hours of education may be satisfied through home study programs; and
(6) Such other methods as may be approved by the Board and the Estate Planning and Probate Certification Committee.
The Board and the Estate Planning and Probate Certification Committee shall, by rule or regulation, establish standards applicable to (1) through (6) above, including, but not limited to, the method of establishment of the number of hours allocable to any of the above-listed categories. Such rules or regulations shall provide that hours shall be allocable to each separate but substantially different lecture, article or other activity described in subsections (2), (3) and (4) above.
(e) Examination. The applicant must pass an examination which will be practical and objective and designed to demonstrate special knowledge, skills and proficiency in estate planning and probate law.
Section 3. RECERTIFICATION. Re-certification must be obtained every five years. To be eligible for recertification, an applicant must meet the following requirements:
(a) A satisfactory showing, as determined by the Board and the Estate Planning and Probate Certification Committee, of continuous and substantial involvement in estate planning and probate law throughout the period since the last date of certification. The demonstration of substantial involvement of more than fifty percent (50%) during each year after certification or prior recertification shall be made in accordance with the standards set forth in Section 2(b).
(b) The applicant must demonstrate he has completed at least 125 hours of approved continuing legal education since the last date of certification. This requirement shall be satisfied by the applicant’s participation in postgraduate education approved by The Florida Bar pursuant to Section 2(d)(l)-(6).
(e) A written, short, objective, mail-in examination covering important changes in the law. Failure of the examination shall necessitate the applicant passing the examination for new applicants (Section 2(e)).
(d) An application for recertification shall submit the names and addresses of three (3) currently Board Certified Estate Planning and Probate Lawyers who are familiar with his practice, excluding lawyers who currently practice in the applicant’s law firm, who can attest to the applicant’s reputation for ability of practice and involvement in the field of estate planning and probate law throughout the period since the last date of certification. The Board and the Estate Planning and Probate Certification Committee may authorize references from persons other than Board certified lawyers in such cases as they deem appropriate. The Board and the Estate Planning and Probate Certification Committee may also make such additional inquiries as they deem appropriate. The Board may deny certification based upon information received from statements of reference.
(e) If, after reviewing the material submitted by an applicant for recertification, the Board and the Estate Planning and Probate Certification Committee determine the applicant may not meet the standards in estate planning and probate law estab *747 lished under this section, the Board and the Estate Planning and Probate Certification Committee may require, as a condition of recertification, the applicant pass an examination given by the Board to new applicants.